UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAHKIA I. MORGAN,

Plaintiff,

v.

PROPERTY RECEIVABLES, CORP.,

Defendant,

Case No.: 8:25-cv-03515

## COMPLAINT

**NOW COMES** ZAHKIA I. MORGAN, ("Plaintiff"), by and through the undersigned attorney, complaining of PROPERTY RECEIVABLES, CORP as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.S. §1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Florida Statue § 559.55 et seq.

### JURISDICTION AND VENUE

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the FDCPA is a federal statute.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

### PARTIES

1

5.	Plaintiff is a natural person over 18-years-of-age, who at all times relevant resided in Land O' Lakes, Florida

6.	Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.	Defendant ("Defendant") is a prominent debt collection agency that collects debts allegedly owed by consumers to third party creditors.

8.	Defendant maintains its principal place of business in Renton, Washington.

9.	Defendant regularly conducts business in Florida by attempting to collect debts allegedly owed by Florida residents.

10.	Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

11.	In or around July 29, 2025 Plaintiff moved out of her apartment owned by Tricon Residential ("Tricon").

12.	After Plaintiff vacated her apartment, she was credited in the amount of $3,374.10.

13.	On September 24, 2025, Plaintiff received a letter from Defendant stating that she owed $3,783.59 ("subject debt") to Tricon Residential and they were attempting to collect this debt.

14.	On October 6, 2025, Plaintiff sent a dispute email containing her move out statement showing that she was credited $3,374.10 to Tricon's management and Defendant.

15.	Upon information and belief, Defendant still reported the subject debt on Plaintiff's credit reports with Equifax, Experian, and TransUnion.

16.	Plaintiff disputed this alleged subject debt with all three credit reporting agencies.

17. Despite receiving notice of the move out statement showing plaintiff was credited, and did not owe Tricon Residential, the subject debt still appeared on her TransUnion credit report.

18. On November 30, 2025, Plaintiff's TransUnion credit report stated a balanced owed of $3,819.

19. Plaintiff has since disputed this charge with TransUnion.

20. Plaintiff further suffered emotional distress, and extreme anxiety as a result of Defendant's erroneous credit reporting

21. Frustrated with Defendant's unfair and deceptive conduct, Plaintiff retained counsel to compel the Defendants to cease its unlawful collection practices and to vindicate her rights.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(AGAINST DEFENDANT)**

22. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt" as defined by §1692a(5) of the FDCPA as it was allegedly incurred in connection with a lease for an apartment that Plaintiff resided at for a period of time.

    a.    **Violations of §1692e**

25. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

26. Defendant violated §1692e of the FDCPA by falsely representing to Plaintiff that they still owed a debt when there was no debt owed.

27. As set forth above, Defendant was aware the debt had been falsely sent to collections, but continued to attempt to collect on the debt.

28. Moreover, Defendant falsely continued reporting the debt on the Plaintiff's credit score, adversely effecting her score.

### b. Violations of §1692f

29. Section 1692f of the FDCPA prohibits a debt collector from using unfair and unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

30. Defendant violated §1692f of the FDCPA by continuing to report to Experian, Equifax, and TransUnion that the subject debt belonged to Plaintiff despite having actual knowledge that the debt was not owed.

31. Upon information and belief, Defendant continued its false credit reporting to the agencies in an effort to extort Plaintiff into making a payment on a debt that was not owed in order to get it removed from her credit report.

32. Such conduct is inherently unfair and unconscionable and violates the FDCPA.

33. As set forth above Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

a. A finding that Defendant violated the FDCPA;

b. An award of statutory damages;

c. An award of actual damages;

d. An award of reasonable attorney's fees and costs; and

e. Any further relief that this Court deems just and proper

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (AGAINST DEFENDANT)

34. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

35. At all times relevant to this Complaint, Plaintiff, was and is a natural person and is a "consumer" as defined by Florida Statute § 559.55(8).

36. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

37. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

38. At all times material hereto, the subject debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

   a. **Violations of FCCPA § 559.72(9)**

39. A creditor violates § 559.72(9) of the FCCPA when claiming, attempting, or threatening to enforce a debt when it knows that the debt is not legitimate, or assert the existence of some other legal right when it knows that right does not exist.

40. Defendant violated section § 559.72(9) of the FCCPA when it enforced the subject debt and attempted to charge Plaintiff for the subject debt that was never truly owed.

41. Defendant further violated section § 559.72(9) of the FCCPA by continuously reporting the subject debt to the CRAs when it knew that it was not owed by Plaintiff.

42. Defendant's actions show that it was their specific goal to collect payment from Plaintiff by reporting and attempting to collect the subject debt after Plaintiff informed Defendant that the subject debt was not accurate and did not owe the subject debt.

43. Defendant's actions show that it was their specific goal to harass Plaintiff into making a payment, despite knowing she did not owe the subject debt.

44. Defendant's repeated behavior of reporting and attempting to collect a debt Plaintiff does not owe was harassing and abusive. Such behavior was designed with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on a debt she does not legally owe.

**WHEREFORE**, Plaintiff, requests that this Honorable Court enter judgment in her favor as follows:

a. Entering judgment in Plaintiff's favor and against Defendant;

b. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiff statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiff equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 24, 2025

Respectfully submitted,

*/s/ Maxwell W. Brooks*
Maxwell W. Brooks, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181 x 134
mbrooks@atlaslawcenter.com
*Counsel for Plaintiff*